IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **REBECCA FORD**, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: RWT 10cv648 |
| **EASTERN GCF, LLC,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On July 23, 2010, Plaintiff Rebecca Ford filed a Motion for the Appointment of Counsel. ECF No. 18. In support of her motion, Plaintiff asserted that (1) she is not able to afford counsel; (2) she "has an excellent chance of success, but there are substantial disputes"; and (3) the ends of justice would best be served by appointing counsel to represent Plaintiff. *Id.*

This Court has discretion to appoint counsel in cases where an indigent plaintiff presents exceptional circumstances. 28 U.S.C. § 1915(e) (1); *see also Cook v. Bounds*, 518 F.2d 779,780 (4th Cir. 1984). Whether such circumstances exist depends on (1) the type and complexity of the case, and (2) the abilities of the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v U.S. District Court*, 490 U.S. 296, 298 (1989); *Gordon v. Leake*, 574 F.2d 1147, 1153 (4th Cir. 1978). At this stage of the proceedings, the issues do not appear unduly complex. Plaintiff has demonstrated her ability to adequately present her claims, and there is no demonstration of exceptional circumstances. Therefore, appointment of counsel for Plaintiff is not warranted under 28 U.S.C. § 1915(e) (1) at this time.

When an individual requests appointment of counsel in a Title VII employment discrimination case, the Court must also consider whether such appointment is warranted under 42 U.S.C. § 2000e-5(f)(1). Pursuant to this provision, "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant." 42 U.S.C. § 2000e-5(f)(1). The decision whether to appoint counsel is within the discretion of the trial judge. *Poindexter v. Federal Bureau of Investigation,* 737 F.2d 1173, 1179 (D.C. Cir. 1984). Though the Fourth Circuit has not addressed the issue, several circuit courts have indicated that a court should consider the following factors in assessing whether counsel should be appointed to represent a Title VII plaintiff: (1) the ability of plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel. *Id.* at 1185.

Beyond making conclusory statements that she cannot afford an attorney and that her case is meritorious, *see* ECF No. 18, Plaintiff has not demonstrated why appointment of counsel is warranted under 42 U.S.C. § 2000e-5(f)(1). Though it is apparent that Plaintiff is indigent, *see* ECF No. 3, Plaintiff has not set forth any facts regarding the merits of her case, her efforts to secure counsel, or her incapacity to present the case without the aid of counsel which convince the Court that she is entitled to appointment of counsel at this time. Therefore, Plaintiff's Motion for the Appointment of Counsel [ECF No. 18] shall be denied by separate order.

October 13, 2010        /s/
Date                    Roger W. Titus
                        United States District Judge